IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CRIMINAL NO. 05-00206-WS-M |
| ) | |
| CALVIN WESTRY, ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter is before the Court on the defendant's motion to dismiss, (Doc. 189), and motion for subpoena. (Doc. 190). The government has filed responses, (Doc. 200, 207), the defendant declined the opportunity to file a reply, (Doc. 193), and the motions are ripe for resolution.

**BACKGROUND**

The defendant was indicted along with ten others in June 2005. Count One charges all eleven defendants with conspiring to possess with intent to distribute morphine, oxycodone, hydrocodone, hydromorphone, methadone and crack cocaine between March 1998 and June 2005. Count Fourteen charges the defendant with possession with intent to distribute oxycodone on November 18, 2002. Count Fifteen charges the defendant with possession with intent to distribute hydrocodone on November 18, 2002. (Doc. 1 at 1-4).

In October 2003, the defendant was arrested on a state charge of unlawful distribution of a controlled substance on November 18, 2002. The state's motion to remand the felony complaint from the grand jury was granted and the case nolle prossed in March 2004. (Doc. 207, Exhibit D).

In June 2004, the defendant was indicted in state court on a charge of unlawful distribution of oxycodone on November 16, 2002. Five of his federal co-defendants were named in the same state indictment and charged with unlawful distribution of a controlled substance. In March 2005, the defendant pleaded guilty to the crime charged in the indictment. (Doc. 189 at 1-2; Doc. 190 at 2-3; Doc. 207, Exhibits B-C).

According to the defendant, "[i]n August 2003 the U.S. Drug Enforcement Administration

actively overtook the investigation of the Defendant and his alleged conduct which formed the basis of both his State Court and Federal Court indictments." According to the defendant, Corporal Joseph M. Wolfe has testified that, as a member of the DEA task force assigned to both cases, "he was the case agent in both this Federal prosecution and the underlying State court prosecution." (Doc. 189 at 2).

The defendant argues that double jeopardy bars his federal prosecution because the state charge against him was prosecuted by a single "super sovereign," such that the state prosecution was effectively by the United States in privity with the State of Alabama. (Doc. 189 at 2-3; Doc. 190 at 3). In order to prove up his "super sovereign" theory, the defendant seeks a subpoena for "all records of investigation and all Grand Jury testimony" from his state prosecution and that of his state co-defendants. (Doc. 190 at 5).

The government responds that the Double Jeopardy Clause does not prohibit prosecutions by different sovereigns for the same offense and likewise does not prohibit prosecutions by the same sovereign for different offenses.

The defendant also asserts that an internal policy of the Department of Justice ("the *Petite* policy") provides that "a defendant who has committed several offenses in a single transaction should not be subjected to successive federal prosecutions for these offenses" and further makes it policy "not to prosecute a defendant in federal court for a crime that has already been prosecuted in [sic] a state or local level," absent a clear showing of a compelling federal interest and approval of the Attorney General. (Doc. 189 at 3).

The government, without conceding the Court's jurisdiction to review its charging decisions, responds that it has not violated the *Petite* policy and that the policy confers no enforceable rights on defendants in any event. (Doc. 207 at 7).

## DISCUSSION

**A. Double Jeopardy.**

"[N]o person shall ... be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend.V, cl. 2.

Before reaching the defendant's "super sovereign" argument, the Court must determine whether the present prosecution of the defendant could implicate the Double Jeopardy Clause even if the state prosecutions were attributable to the United States. If it could not, no "super sovereign" argument could rescue the defendant's double jeopardy objection.

A prosecution cannot risk placing the defendant in double jeopardy unless jeopardy previously attached. "At a minimum, the criminal proceeding must have reached a point when the policies underlying the Double Jeopardy Clause are implicated, at which time jeopardy 'attaches.' [citations omitted] In cases tried to a jury, jeopardy attaches when the jury is empaneled and sworn." *Venson v. Georgia*, 74 F.3d 1140, 1145 (11th Cir. 1996). Jeopardy does not attach if the charges are nolle prossed before the jury is sworn. *United States v. Martin Linen Supply Co.*, 485 F.2d 1143, 1147 (5th Cir. 1973). Thus, although the defendant faced state charges arising out of the same November 18, 2002 conduct as that underlying Counts Fourteen and/or Fifteen of the federal prosecution, those charges were dismissed before jeopardy attached. Accordingly, that state charge could not bar the present prosecution even if the defendant's "super sovereign" argument were credited.

The defendant was placed in jeopardy with respect to his state indictment based on conduct committed on November 16, 2002. However, that offense patently is not the "same offense" for which he faces federal indictment. "Under the 'same elements' test, two offenses are different for purposes of double jeopardy analysis if each 'requires proof of an additional fact which the other does not.'" *Cole v. United States Department of Agriculture*, 133 F.3d 803, 805 (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). The state charge required proof of the distribution of a controlled substance on November 16, while the substantive federal charges require proof of possession with intent to distribute on November 18. Had these charges been brought together in a single prosecution, neither would be subsumed within the other, because they require proof of different facts.

The result is not changed simply because the defendant also faces federal charges concerning a conspiracy that encompasses November 16, 2002. "We hold that prosecution of a defendant for conspiracy, where certain of the overt acts relied upon by the Government are based on substantive offenses for which the defendant has been previously convicted, does not violate the Double Jeopardy

-3-

Clause." *United States v. Felix*, 503 U.S. 378, 380-81 (1992).

Because the present prosecution does not place the defendant at risk of double jeopardy even were his "super sovereign" argument to be credited, his motion to dismiss is due to be denied. However, the defendant's "super sovereign" argument is also due to be rejected on its merits.

"This Court has plainly and repeatedly stated that two identical offenses are not the 'same offence' within the meaning of the Double Jeopardy Clause if they are prosecuted by different sovereigns." *Heath v. Alabama*, 474 U.S. 82, 92 (1985). The Eleventh Circuit has never recognized a "sham prosecution" exception to the dual sovereignty rule, as have several other circuits. *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1361 (11th Cir. 1994). However, the Court has articulated the elements and proof burdens such an exception would carry were it adopted. As to elements, the exception could apply only if "one sovereign controlled, dominated, or manipulated the *prosecution* of the defendant by the other." *Id*. at 1362 (emphasis in original). As to burden of proof, the defendant "bears the initial burden of establishing a nonfrivolous prima facie claim." *Id*. at 1360. "To warrant an evidentiary hearing, however, the defendant must at least allege facts that, if proved, would make out a prima facie case." *Id*. Because the fact that one sovereign controlled the investigation of another sovereign "says little or nothing about whether [the first sovereign] interfered with [the second sovereign's] decision to prosecute," allegations that go only to control of the investigation are insufficient as a matter of law to establish a prima facie claim or to warrant an evidentiary hearing. *Id*. at 1361-62 & 1362 n.7.

The defendant alleges only that federal authorities "overtook" the state investigation. Even if this allegation were true, as a matter of law it is insufficient under *Baptista-Rodriguez* to allow the defendant's double jeopardy claim to proceed, because it does not implicate the dual sovereignty of the State of Alabama and the United States with respect to prosecution of the defendant.[1]

---

[1] The result would be the same under the defendant's sole authority. The decision in *United States v. Belcher*, 762 F. Supp. 666 (W.D. Va. 1991), depended on the premise that, if "the same *prosecutor* simultaneously derives power from both a State and the federal government," there has been a "pooling of *prosecutorial* power" to "effectively creat[e] one 'super sovereign,' i.e., a unitary government." *Id*. at 671 (emphasis added).

**B.  *Petite* Policy.**

"The dual prosecution [*Petite*] policy is an internal policy which confers no enforceable rights on a criminal defendant. [citations omitted] Thus, [a defendant] may not use the policy to effectuate dismissal of his indictment."  *United States v. Beard*, 41 F.3d 1486, 1489 (11th Cir. 1995).

## CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss is **denied**.  The defendant's motion for subpoena is **denied** to the extent it seeks to obtain records relating to the 2004 state prosecution of the defendant or any of his co-defendants.[2]

DONE and ORDERED this 17th day of October, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2]The motion for subpoena also seeks documents concerning the defendant's 1994 state prosecution, in connection with the defendant's objection to filing of information.  (Doc. 191).  Because this material is relevant only to sentencing, this portion of the motion for subpoena is **carried to sentencing**.  Similarly, the defendant's motion to strike the government's response to his motion for subpoena, (Doc. 211), is **denied** to the extent it is directed to records of the 2004 state prosecutions and **carried to sentencing** to the extent it is directed to records of the 1994 state prosecution.