**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.  05-00206-WS |
| | ) | |
| CALVIN WESTRY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the Court on defendant's pleading styled "Motion for the Court to Determine that the Defendant *Pro Se* Timely Filed His Notice of Appeal" (doc. 856).

**I.      Background.**

On October 2, 2008, this Court entered an Order (doc. 837) resentencing defendant Calvin Westry to a term of imprisonment of 60 years on each of Counts 11 and 12, such sentences to run concurrently with each other and with the life sentence previously imposed as to Count 1.  To date, the Clerk of Court has not received a notice of appeal from defendant; therefore, no appeal from the October 2 resentencing Order has been processed.

On November 12, 2008, defendant's attorney of record filed a pleading styled "Motion for the Court to Determine that the Defendant *Pro Se* Timely Filed His Notice of Appeal" (doc. 856).  Attached to that Motion as an exhibit is a handwritten letter sent by defendant (who is presently incarcerated at FCI Terre Haute, Indiana) to defense counsel and dated October 12, 2008.  That letter reads as follows: "I Calvin Westry have send copy to Gloria Bedwell Esq. Notice of Appeal and to the Clerk of Court United States District Court."  Accompanying that letter to counsel (which was postmarked October 15, 2008) was a handwritten document styled "Notice of Appeal," which is apparently the document that Westry contends he mailed to the Government and to the Clerk of Court.  That "Notice of Appeal" was addressed to AUSA Bedwell and states as follows: "Please take notice that on October 12, 2008, I caused to be filed in the United States District Court for the Southern District of Alabama Southern Division this Notice of Appeal, a copy of which is hereby served upon you."  The next page is captioned "Certificate of Service," and reads, "I, Calvin Westry, do hereby state that do [*sic*] to time I filed a Notice of Appeal in this matter and served a copy upon the individual listed above.  Dated this

12 day of October, 2008."  Both the page captioned "Notice of Appeal" and that captioned "Certificate of Service" bear Westry's signature; however, neither page is notarized, reflects that Westry executed same under penalty of perjury, or includes any representation that first-class postage was prepaid on the original Notice of Appeal mailing.[1]

Defense counsel received this mailing from Westry at an unspecified time; however, the Clerk of Court never received the Notice of Appeal directly from Westry for filing.  As a result, the only Notice of Appeal in the court file pertaining to the October 2 resentencing is the copy attached as an exhibit to defendant's "Motion for the Court to Determine that the Defendant *Pro Se* Timely Filed His Notice of Appeal," which was filed on November 12, 2008, nearly six weeks after the October 2 Order.  Defense counsel theorizes that Westry's Notice of Appeal mailing to the Clerk of Court must have been lost in the mail, and now asks this Court to deem the Notice of Appeal timely filed by operation of the prison mailbox rule, as set forth in *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) and Rule 4(c) of the Federal Rules of Appellate Procedure.  The Government filed a Response (doc. 860) opposing the relief requested by Westry and positing that the Notice of Appeal was not timely filed.  Defendant having elected not to avail himself of the Court-authorized opportunity to file a reply, the Motion is now ripe for disposition.

---

[1]     On its face, Westry's "Notice of Appeal" does not contain the content mandated by Rule 3(c)(1), Fed.R.App.P.  Although "courts are forgiving in determining what constitutes effective notice of appeal," the Eleventh Circuit has made it clear that "a court filing may serve as an effective notice of appeal as long as it clearly indicates the party's intention to appeal and communicates the basic information required by Rule 3(c)(1) of the Federal Rules of Appellate Procedure: the names of the parties taking the appeal; the judgment or order being appealed; and the court to which the parties are taking the appeal."  *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 844 (11th Cir. 2006); *see also Constructora Andrade Gutierrez, S.A. v. American Int'l Ins. Co. of Puerto Rico*, 467 F.3d 38 (1st Cir. 2006) ("Compliance with Federal Rule of Appellate Procedure 3, specifying the contents of a notice of appeal, is jurisdictional and cannot be waived.").  Nothing in Westry's putative "Notice of Appeal" identifies either the judgment or order from which appeal is taken or the court to which he intends to appeal; therefore, there may be a persuasive basis for concluding that such a filing, even if it were timely, was ineffective and inadequate.  Because of the other defects in proof described *infra*, however, the Court finds it unnecessary to determine whether and, if so, how Westry's noncompliance with Rule 3(c)(1) impacts his ability to proceed on appeal.

## II.    Analysis.

In general, a notice of appeal in a criminal case must be filed in the district court within 10 days after the entry of the order or judgment from which appeal is taken.  Rule 4(b)(1)(A)(i), Fed.R.App.P.  The Clerk's Office did not receive a notice of appeal from Westry within that 10-day period.  Nonetheless, Westry seeks a determination by this Court that his Notice of Appeal was timely filed by operation of the so-called prison mailbox rule.[2]  The prison mailbox rule generally provides that a prisoner's notice of appeal is deemed filed when the prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk," irrespective of whether or when it is ultimately received by the court clerk.  *Houston*, 487 U.S. at 276; *see also Allen v. Culliver*, 471 F.3d 1196, 1198 (11th Cir. 2006) (recognizing well-established principle that a prisoner's notice of appeal is deemed filed as of the date of delivery to prison authorities for forwarding to district court); *Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997) (pointing out that "a prisoner's notice of appeal is deemed filed when delivered to prison authorities").  This rule articulated in *Houston* was codified as Rule 4(c)(1), Fed.R.App.P., which provides in part as follows: "If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."  *Id.*  Westry contends that he deposited his Notice of Appeal with prison authorities for mailing to the Clerk of Court on October 12, 2008, which was within the 10-day window for any appeals from the October 2 resentencing order, such that his Notice of Appeal should be deemed timely filed by operation of Rule 4(c)(1) and

---

[2]      As a general proposition, inquiries concerning application of the prison mailbox rule to a specific set of factual circumstances are properly made at the District Court level, at least in the first instance.  *See Sanders v. United States*, 113 F.3d 184, 186 n.2 (11th Cir. 1997) (opining that determination of date petitioner delivered notice of appeal to prison authorities "is a factual question for the district court to resolve on remand"); *Oliver v. Commissioner of Massachusetts Dep't of Corrections*, 30 F.3d 270, 272 (1st Cir. 1994) (explaining that whether an inmate has shown that he submitted notice of appeal to prison authorities in advance of deadline "is a factual finding for the district court"); *Sudduth v. Arizona Atty. Gen.*, 921 F.2d 206, 207 (9th Cir. 1990) (where the prison mailbox rule is at issue, "[o]rdinarily, we will remand to the district court for the limited purpose of enabling that court to determine when the prisoner delivered the notice of appeal to prison authorities").  Therefore, Westry's Motion, wherein he seeks to avail himself of the prison mailbox rule, was properly filed in the District Court.

the prison mailbox rule.[3]

In its Response, the Government insists that application of the prison mailbox rule is inappropriate because the Clerk of Court never actually received Westry's Notice of Appeal. According to the Government, "[w]here the *actual* notice of appeal is non-existent - never having been received by the Clerk of Court for docketing - this Court has no occasion to apply the mailbox rule."  (Response, at 2.)  The Government cites no authority for this proposition, and both binding and persuasive authorities are to the contrary.  Most notably, in *Allen v. Culliver*, 471 F.3d 1196 (11th Cir. 2006), a case which originated before the undersigned, the Eleventh Circuit considered a fact pattern in which a prisoner's notice of appeal had never been received by the Clerk of Court.  *See id.* at 1198 ("The district court never received the March 28, 2004, NOA which Allen alleged to have delivered to the prison authorities.").  Despite the fact that Allen's notice of appeal was never actually received by the Clerk, the *Allen* panel explained that if "Allen did deliver a timely notice of appeal to the prison's system for legal mail ... then both *Houston* and Fed.R.App.P. 4(c)(1) mandate a holding that the NOA was filed as of the date of delivery to the prison authorities."  *Id. Allen* in no way constrained or excepted application of the prison mailbox rule simply because Allen's notice of appeal had never been received by the

---

[3]     An interesting threshold question is whether Rule 4(c)(1) is available to Westry at all, given that he was represented by counsel at the time he submitted the *pro se* Notice of Appeal to prison authorities for mailing.  Indeed, there appears to be some uncertainty as to whether a represented prisoner may take advantage of the mailbox rule.  *Compare United States v. Craig*, 368 F.3d 738, 740 (7th Cir. 2004) (applying prison mailbox rule to represented defendant, reasoning that "[a] court ought not pencil 'unrepresented' or any extra word into the text of Rule 4(c)") *and United States v. Moore*, 24 F.3d 624, 626 (4th Cir. 1994) ("We therefore hold that *Houston* governs all notices of appeal filed by prisoners in a criminal proceeding, without regard to whether they are represented by counsel.  There is simply no good reason to hold otherwise.") *with United States v. Ceballos-Martinez*, 371 F.3d 713, 715 n.3 (10th Cir. 2004) ("We also do not decide whether a represented prisoner may take advantage of Rule 4(c)(1).") *and Burgs v. Johnson County, Iowa*, 79 F.3d 701, 702 (8th Cir. 1996) ("Burgs is not entitled to the benefit of *Houston* because he was represented by counsel and thus in the same position as other litigants who rely on their attorneys to file a timely notice of appeal.").  The Government not having raised this issue, and the Notice of Appeal suffering from other legal infirmities that preclude application of the prison mailbox rule here, the Court assumes (without deciding) that represented prisoners are entitled to the benefit of *Houston* and Rule 4(c)(1) with respect to notices of appeal submitted to prison authorities for mailing from their place of incarceration.

Clerk of Court.  Nor would the logic of *Allen* permit carving out an "actual receipt" prerequisite for the mailbox rule.  *Allen* unambiguously stands for the proposition that *Houston* and Rule 4(c)(1) apply whenever "a timely notice of appeal was in fact delivered to the proper prison authorities (proper postage prepaid) for mailing to the district court," regardless of what transpires thereafter.  *Id.*[4]

        Aside from *Allen*, both unpublished authorities from this Circuit and published case law from elsewhere have explicitly held that the prison mailbox rule applies even if the underlying pleading or notice of appeal is never received for filing by the district court.  *See, e.g., Gracey v. United States*, 2005 WL 1006908, *1 (11th Cir. Apr. 29, 2005) ("Furthermore, the mailbox rule applies even when the motion is never received or filed by the court.") (internal quotations and citations omitted); *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001) (where a prisoner's petition is never received by the court, "[w]e hold that *Houston*'s rationale applies with equal force in such a case"); *Jackson v. Secretary, Dep't of Corrections*, 2008 WL 2992676, *2 (M.D. Fla. Aug. 1, 2008) ("The Eleventh Circuit has indicated with respect to a motion filed pursuant to 28 U.S.C. § 2255 that such a motion would be deemed filed on the date it was submitted to prison authorities for mailing, even if it was never received by the district court.").  For all of the foregoing reasons, the Court cannot adopt the Government's unsupported assertion that *Houston* and Rule 4(c) are inapplicable where, as here, the notice of appeal is never received by the Clerk

---

[4]      Besides, given the equitable purposes of the prison mailbox rule, it would be both incongruous and arbitrary to withhold the benefit of that rule to a prisoner whose mailing – through no fault of his own – was never received by the district court.  *See generally Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (recognizing *Houston* rationale that prisoners have no choice but to entrust forwarding of notice of appeal to prison authorities whom they cannot control or supervise and who may have incentive to delay); *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993) ("The teaching of *Houston* is that prison delay beyond the litigant's control cannot fairly be used in computing time for appeal.") (citation omitted); *Moore*, 24 F.3d at 625 ("*Houston* itself was premised upon fairness" and "stands for the principle that it is unfair to permit a prisoner's freedom to ultimately hinge on either the diligence or the good faith of his custodians").  Under the Government's formulation, a prisoner would be entitled to the benefit of *Houston* if his custodians simply delayed placing his letter in the mailbox for a few days, but would be deprived of the benefit of *Houston* if those custodians never mailed his letter at all.  Such an arbitrary distinction would perpetuate the very injustice and inequity that *Houston* was designed to combat.

of Court for filing.  The Court therefore declines the Government's invitation to examine
Westry's Motion through the lens of Rule 4(b)(4)'s "excusable neglect or good cause" standard,
which Westry has neither invoked nor attempted to satisfy, and specifically finds that the Motion
is governed by Rule 4(c).[5]

This determination does not end the Court's inquiry.  Rule 4(c)(1) imposes a burden on a
prisoner seeking the benefit of the mailbox rule to make a *prima facie* showing that he in fact
properly and timely availed himself of the prison mail system.  Indeed, Rule 4(c)(1) specifies
that "[t]imely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a
notarized statement, either of which must set forth the date of deposit and state that first-class
postage has been prepaid."  *Id.*; *see also Allen*, 471 F.3d at 1198-99 (explaining that prisoner
must make the showing required by Rule 4(c)(1), after which the burden of proof shifts to the
state to establish that mailing was not, in fact, delivered to prison authorities in a timely manner).
Appellate courts have routinely denied the benefit of the prison mailbox rule to prisoners who do
not comply strictly with Rule 4(c)(1), by submitting a declaration or notarized statement from
the prisoner identifying the date on which he placed the mailing in the hands of prison authorities
for mailing and indicating that first-class postage was prepaid.  *See, e.g., Ingram v. Jones*, 507
F.3d 640, 645 (7th Cir. 2007) ("Respect for the text of Rule 4(c) means that represented prisoners
can use the opportunity it creates; respect for the text equally means that prisoners must use that
opportunity in the way the rule specifies.") (citation omitted); *Price v. Philpot*, 420 F.3d 1158,
1166-67 (10th Cir. 2005) (deeming prison mailbox rule unavailable where, rather than filing
notarized statement or declaration under penalty of perjury setting forth date of deposit in prison
mail system and stating that he included prepaid postage, prisoner merely provided certificate of
service stating that he "respectfully submitted" filing on a particular date "with the appropriate
postage attached," without the "under penalty of perjury" language required by 28 U.S.C. §
1746); *United States v. Craig*, 368 F.3d 738, 740-41 (7th Cir. 2004) (dismissing appeal as
untimely for noncompliance with Rule 4(c)(1) where prisoner's affidavit stated date on which he

---

[5]        In any event, Westry has not petitioned this Court to extend the time for filing his
Notice of Appeal via Rule 4(b)(4).  Defendant having framed his Motion exclusively in terms of
*Houston* and Rule 4(c), this Court will not, either *sua sponte* or at the Government's urging,
convert it into a Rule 4(b)(4) motion.

deposited notice in prison mail system, but not that he prepaid first-class postage, reasoning that "Rule 4(c)(1) requires the declaration to state only two things; 50% is not enough" and that "[t]he postage requirement is important: mail bearing a stamp gets going, but an unstamped document may linger"); *United States v. Ceballos-Martinez*, 371 F.3d 713, 717 (10th Cir. 2004) (dismissing prisoner's appeal for want of subject matter jurisdiction where prisoner filed neither declaration nor notarized statement in compliance with Rule 4(c)(1) and explaining that "a prisoner *must* submit a declaration or notarized statement setting forth the notice's date of deposit with prison officials and attest that first-class postage was pre-paid").

Defendant Westry's showing is clearly inadequate to satisfy these bedrock proof requirements of Rule 4(c)(1). He has filed neither a notarized statement nor a declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. He has made no explicit statement identifying the date on which he deposited the Notice of Appeal in the prison's internal mail system for mailing to the Clerk of Court. And he has omitted any representation that first-class postage on any such mailing was prepaid. Given Westry's failure to comply with the unambiguous language of Rule 4(c)(1), he is not entitled to the benefit of the prison mailbox rule. *See Ceballos-Martinez*, 371 F.3d at 718 ("in hewing faithfully to the specific requirements of Rule 4(c)(1), we do nothing more than recognize that failure to comply with a jurisdictional mandate deprives this Court of jurisdiction to consider the merits of an appeal").

**III.    Conclusion.**

For all of the foregoing reasons, defendant's Motion for the Court to Determine that the Defendant *Pro Se* Timely Filed his Notice of Appeal (doc. 856) is **denied**. With respect to the Notice of Appeal from the October 2 resentencing order, the Court finds that Westry is not entitled to the benefit of the prison mailbox rule announced in *Houston* and codified in Rule 4(c)(1), Fed.R.App.P., because he failed to make the requisite showing prescribed by that rule. As such, Westry did not timely appeal from the October 2 Order.

DONE and ORDERED this 11th day of December, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE